IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JOSE CASIANO SOSA,**  Case No. 6:22-cv-00059-MC

    Plaintiff,  **OPINION AND ORDER**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

    Defendant.

_____

**MCSHANE, District Judge**:

    Plaintiff Jose Sosa suffered physical injuries from a motor vehicle accident caused by an underinsured motorist. Plaintiff pursued underinsured motorist coverage under four vehicle insurance policies with Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). State Farm provided coverage under one of Plaintiff's policies but denied coverage under the remaining three. At issue is whether Plaintiff's claim is properly excluded under the three policies. Both parties move for summary judgment. Because the exclusion provision is consistent with Oregon's statutory model, State Farm's Motion for Summary Judgment (ECF No. 11) is GRANTED and Plaintiff's Motion for Partial Summary Judgment (ECF No. 12) is DENIED.

1 – OPINION AND ORDER

## BACKGROUND

The facts here are undisputed.[1] Joint Statement Agreed Facts, ECF No. 10. Plaintiff was insured under four vehicle policies with State Farm, each policy separately covering the following vehicles: a 2008 Nissan Titan, a 2018 Nissan Pathfinder, a 2015 Dodge Ram, and a 2003 Dodge Ram. *Id.* ¶ 2. While occupying the 2008 Nissan Titan, Plaintiff was involved in a motor vehicle accident caused by an underinsured driver. *Id.* ¶ 1, 6. Plaintiff pursued underinsured coverage under each of the four policies. *Id.* ¶ 3. State Farm paid the policy limit under the 2008 Nissan Titan policy but denied coverage under the remaining three policies based on a policy exclusion. *Id.* ¶ 4–5. Plaintiff brought this action challenging the policy exclusion and seeking coverage under the three remaining policies.

## STANDARDS

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When "[t]here are no genuine issues of material fact and the dispute primarily concerns a question of interpreting a statute and applying it to a specific set of facts[,] . . . the issue [is] properly resolved on a motion for summary judgment." *LTV Steel Co. v. Nw. Eng'g & Constr., Inc.*, 41 F.3d 332, 334 (7th Cir. 1994); *accord Asuncion v. Dist. Dir. of U.S. Immigr. & Naturalization Serv.*, 427 F.2d 523, 524 (9th Cir. 1970). Cross-motions for summary judgment are each considered on their own merits. *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

---

[1] Although the parties stipulate to the facts, the Court has an obligation to ensure no genuine issues of material fact remain. *Chevron USA, Inc. v. Cayetano*, 224 F.3d 1030, 1037 & n.5 (9th Cir. 2000). The Court agrees that there are no disputed facts.

## **DISCUSSION**

Oregon state law establishes minimum requirements for uninsured/underinsured motorist coverage through "a comprehensive model" policy laid out in Or. Rev. Stat. § 742.504. *Vega v. Farmers Ins. Co. of Or.*, 918 P.2d 95, 100–01 (Or. 1996); *Batten v. State Farm Mut. Auto. Ins. Co.*, 495 P.3d 1222, 1224 (Or. 2021). Policy provisions for uninsured motorist coverage must provide "coverage that in each instance is no less favorable in any respect to the insured or the beneficiary" than the statutory model. Or. Rev. Stat. § 742.504; *Vega*, 918 P.2d at 101 (concluding that an added policy term that "plainly disfavors insureds" violates the "no less favorable" requirement of the Oregon model statute). Provisions that are less favorable to the insured are unenforceable. *Erickson v. Farmers Ins. Co. of Or.*, 21 P.3d 90, 94 (Or. 2001).

The Court first examines the policy provision at issue to determine the plain meaning. *Clinical Rsch. Inst. of S. Or., P.C. v. Kemper Ins. Cos.*, 84 P.3d 147, 150 (Or. Ct. App. 2004). If any wording is ambiguous, it should be construed in favor of the insured. *Shadbolt v. Farmers Ins. Exchange*, 551 P.2d 478, 480 (Or. 1976). The Court then compares the "*coverage* offered by the policy containing the challenged provision and the *coverage* offered by a hypothetical policy containing the provisions set out in ORS 742.504(1) to (12)." *Vega*, 918 P.2d at 100. So long as the challenged policy is not less favorable to the insured, the provision is valid and enforceable. *Id.* at 101.

Plaintiff first argues that the policy exclusion State Farm relied on in denying coverage under three of his four policies is ambiguous and should be construed against State Farm. Pl.'s Mot. Partial Summ. J. 6, ECF No. 12. The exclusion states:

> THERE IS NO COVERAGE FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY*:
> a.   WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY* OR FURNISHED FOR THE REGULAR USE OF *YOU* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*;

Joint Agreed Facts ¶ 5. Plaintiff asserts, and the Court agrees, that the plain meaning of the policy language is "if you are an insured and you are hurt in an auto accident while occupying a car that you own . . . then you do not have coverage, unless it is 'Your Car.'" Pl.'s Mot. 6. The policy defines "Your Car" as "the vehicle shown under 'YOUR CAR' on the Declarations Page." Joint Agreed Facts, Ex. 1, at 8. Each of Plaintiff's four State Farm policies had its own Declarations Page. Joint Agreed Facts ¶ 9; Ex. 1, at 2; Ex. 2, at 2; Ex. 3, at 2; Ex. 4, at 2. The 2008 Nissan occupied by Plaintiff during the accident was shown under "Your Car" on the Declarations Page of one of his State Farm policies, but not on the Declarations Pages of the remaining three policies. *Id.*

      Plaintiff takes issue with the meaning of "Your Car," arguing that because Plaintiff has four policies with four different Declarations Pages, it is unclear which car on which Declarations Page each policy refers to. Pl.'s Mot. 6. The Court is unpersuaded. The policy language is clear that "Your Car" refers to the vehicle described on the Declarations Page of that policy. Nothing in the policy's language suggests that "Your Car" may refer to a different vehicle on a Declarations Page in an entirely separate policy. Plaintiff's reading of the provision is unreasonably broad and unsupported by the clear policy language, and the Court finds no ambiguity. *See Shadbolt*, 551 P.2d at 480 (explaining that the terms of a policy may be ambiguous "when they could reasonably be given a broader or a narrower meaning, depending upon the intention of the parties in the context in which such words are used by them"). Because Plaintiff's 2008 Nissan was not the vehicle shown on the Declarations Page of the three State

4 – OPINION AND ORDER

Farm policies, the above exclusion applies to Plaintiff's claims for coverage under those three policies.

Plaintiff next argues that even if the exclusion is not ambiguous and applies to his claims, it is unenforceable because it is less favorable to Plaintiff than what Oregon law requires. Pl.'s Mot. 7. The analogous provision in Oregon's statutory model policy states: "This coverage does not apply to bodily injury to an insured while occupying a vehicle, other than an insured vehicle, owned by, or furnished for the regular use of, the named insured or any relative resident in the same household, or through being struck by the vehicle." Or. Rev. Stat. § 742.504(4)(b). The statute defines "insured vehicle" as "[t]he vehicle described in the policy . . . or [a] nonowned vehicle operated by the named insured . . . ." Or. Rev. Stat. § 742.504(2)(d).

State Farm argues that its exclusion is "virtually identical" to Oregon's statutory provision and therefore enforceable. Def.'s Mot. Summ. J. 5, ECF No. 11 (quoting *Estes v. State Farm Mut. Auto. Ins. Co.*, 540 F. Supp. 3d 1000, 1008 (D. Or. 2021)). Plaintiff argues that State Farm's exclusion is narrower and less favorable than the Oregon statute because the statute includes an exception for an insured who occupied "an" insured vehicle. Pl.'s Mot. 8. According to Plaintiff, because the 2008 Nissan was insured under a State Farm policy, it is "an insured vehicle" as contemplated by the statute, and so the exclusion would not apply in any of his State Farm policies. Pl.'s Mot. 9. Plaintiff claims that the Oregon statute does not limit the definition of "an insured vehicle" to cars defined under the specific insurance policy for which coverage is sought. *Id.* Rather, Plaintiff asserts that the exclusion "only applies when a person is killed or injured in an <u>uninsured</u> vehicle." *Id.* As with his argument regarding ambiguity, the Court finds Plaintiff's "plain language reading" of the statute unreasonable and in conflict with the statutory context.

5 – OPINION AND ORDER

As Plaintiff acknowledges, "insured vehicle" is defined in the statute as "the vehicle in the policy." *Id.* (citing Or. Rev. Stat. § 742.504(2)(d)). The definition alone supports State Farm's interpretation that "an insured vehicle" as used in the Oregon statute refers to the vehicle in the policy at issue. Still, Plaintiff maintains that the 2008 Nissan is the "insured vehicle" under one State Farm policy, thereby qualifying it as "an" insured vehicle under any policy. Pl.'s Mot. 9. But Plaintiff's narrow focus on the word "an" is misguided. The Oregon statute is designed "as a complete and comprehensive model policy." *Vega*, 918 P.2d at 100. It is nonsensical to expect an insurance policy to address other vehicles insured under other policies. The use of "an" in the Oregon statute simply recognizes that multiple vehicles may qualify as an insured vehicle under one policy. Further, "uninsured vehicle" is also a term defined in the statute. *See* Or. Rev. Stat. § 742.504(k). If the legislature meant for the exclusion to apply only to an uninsured vehicle, as Plaintiff suggests, they could have used that term.

Neither the Oregon Supreme Court nor the Oregon Court of Appeals have addressed this exact issue. However, the Oregon Court of Appeals consistently interprets "an insured vehicle" as the vehicle described in the policy. *See, e.g.*, *Farmers Ins. Co. of Or. v. Paepier*, 822 P.2d 140, 142 (Or. Ct. App. 1991) (finding a car owned and insured by the passenger was not an insured vehicle under the policy at issue); *Wright v. State Farm Mut. Auto. Ins. Co.*, 952 P.2d 73, 79 (Or. Ct. App. 1998), *aff'd in part, rev'd in part*, 22 P.3d 744 (Or. 2001) (emphasizing that "insured vehicle" means "the vehicle described in the policy"); *Roberts v. State Farm Mut. Auto. Ins. Co.*, 488 P.3d 834, 835 (Or. Ct. App. 2021), *review denied*, 496 P.3d 631 (Or. 2021) (reaffirming *Wright*'s interpretation that an insured vehicle cannot simultaneously be uninsured or underinsured).

Oregon courts have addressed the "furnished for regular use" part of the exclusion. *See North Pacific Ins. Co. v. Anderson*, 821 P.2d 444 (Or. Ct. App. 1991) (upholding the exclusion of an employer-provided vehicle that was furnished for regular use but not named in the policy); *Shadbolt*, 55 P.2d 478 (upholding the exclusion of a friend's car that was parked at the plaintiff's house and available for her regular use); *see also Estes*, 540 F. Supp. 3d at 1008 (finding a policy enforceable that "exclude[s] UIM coverage when the insured occupies a vehicle furnished for his regular use that is not insured under the policy"). The court in *North Pacific*, quoting *Shadbolt*, explained that the primary purpose of the "furnished for regular use" exclusion is to "prevent an insured from having the benefit of coverage for two automobiles which may both be 'regularly or frequently used' by him or by members of the same household, in return for payment of a premium based upon insurance for the single automobile described in the policy." *North Pacific*, 821 P.2d at 273.

Plaintiff describes this as the "free riding" problem, and argues there is no "free riding" here because the 2008 Nissan was insured by State Farm. Pl.'s Mot. 15–16. State Farm asserts that based on the text of the statute and the court's discussion in *North Pacific* and *Shadbolt*, the purpose of the exclusion here is "to prevent the insured from having coverage for multiple vehicles under a particular policy when the premium paid by the insured is for a policy issued to cover one vehicle." Def.'s Reply 12, ECF No. 13. The Court agrees with State Farm's interpretation. Plaintiff's four policies are individually calculated to cover the risks for the single vehicle described in each policy. Under Plaintiff's interpretation, he would receive additional coverage for the 2008 Nissan at a premium price based on single coverage. Plaintiff's interpretation is unreasonable and further belied by the text, context, and purpose of the statute.

7 – OPINION AND ORDER

Because State Farm's exclusion provision is at least as favorable to the insured as the statutory model, the provision is valid and enforceable under Oregon law.

## **CONCLUSION**

For the above reasons, State Farm's Motion for Summary Judgment (ECF No. 11) is GRANTED and Plaintiff's Motion for Partial Summary Judgment (ECF No. 12) is DENIED.

IT IS SO ORDERED.

DATED this 28th day of November, 2022.

                                                        /s/ Michael J. McShane
                                                       Michael McShane
                                               United States District Judge